UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDMOND ALLEN WILSON, JR.,

    Plaintiff,

vs.

    Case No. 3:20-cv-114-HES-JBT

DR. ERRON CAMPBELL, etc.;
et al.,

    Defendants.

## ORDER

### I. Status

Plaintiff Edmond Allen Wilson, Jr., an inmate of the Florida penal system, is proceeding on a pro se Second Amended Complaint (Second Amended Complaint) (Doc. 61) pursuant to 42 U.S.C. § 1983. The remaining Defendants are: (1) Dr. Erron Campbell, Region II Medical Director, in his individual capacity; Dr. E. Perez-Lugo, Former Chief Health Officer Union Correctional Institution (UCI), in his individual capacity; Corizon Health, Inc. (Corizon); Centurion of Florida, LLC (Centurion); Mark S. Inch, Secretary, Florida Department of Corrections (FDOC), in his official capacity; Dr. Daniel

Cherry, Centurion's Former Medical Director, FDOC, now Statewide Medical Director, in his individual capacity; Ms. P. Shifflett, R.N.; Dr. Marie J. Garcon, Senior Physician; and Dr. J. Santiago.

There are several motions pending before the Court. Plaintiff has responded to Defendants Dr. E. Perez-Lugo, Dr. Daniel Cherry, Dr. Erron Campbell, and Centurion of Florida, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 67) and Defendants Corizon Health, Inc. and Dr. E. Perez-Lugo's Motion to Dismiss the Second Amended Complaint (Corizon/Perez-Lugo's Motion to Dismiss) (Doc. 68) in Plaintiff's Motion in Opposition to Plaintiff's Corizon Health, Inc. and Dr. E. Perez-Lugo's, et al. Motions to Dismiss the Second Amended Complaint (Response to Corizon/Perez-Lugo's Motion to Dismiss) (Doc. 102).[1] See Order (Doc. 104), construing Plaintiff's Motion in Opposition as a response to Defendants' Motions to Dismiss (Docs. 67 & 68). See also Order Directing Service of Process Upon Defendants; Notice to Plaintiff (Doc. 7) (advising the pro se Plaintiff that he has thirty days to respond to motions to dismiss and cautioning the Plaintiff that the granting of a motion to dismiss would be an adjudication of the claim and could foreclose subsequent litigation of the matter). Defendants Corizon

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

Health, Inc. and Dr. E. Perez-Lugo's Reply Memorandum in Support of Their Motion to Dismiss (Doc. 109) followed.

Also before the Court is Defendant Mark S. Inch's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 75). In response, Plaintiff filed an Opposition to Defendant's Rule 12(b)(6) Motion by Mark S. Inch to Dismiss Plaintiff's Second Amended Complaint (Doc. 90).

Finally, there is Defendants, Dr. Marie Garcon, Dr. Juan Santiago, and RN Pauline Shifflet's, Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 91) and Defendants J. Santiago, Marie J. Garcon and P. Shifflett's Motion to Dismiss the Second Amended Complaint (Santiago/Garcon/Shifflett's Motion to Dismiss) (Doc. 92), to which Plaintiff has responded in his Opposition to Defendants J. Santiago, Marie J. Garcon and P. Shifflett's Motion to Dismiss the Second Amended Complaint (Doc. 95). Defendants Dr. J. Santiago, Marie J. Garcon and P. Shifflett's Reply Memorandum in Support of Their Motion to Dismiss (Doc. 101) followed.

The submission of a number of motions and somewhat repetitious filings is due to the fact that different counsel represent Defendants for different periods of time at issue. Although provided with a somewhat cumbersome presentation and argument, the Court will succinctly and directly address the

matter which is of utmost concern: Plaintiff's apparent abuse of judicial process.

## II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

For its review, the Court accepts the facts in the Complaint as true and views them in the light most favorable to Plaintiff.[2] In order to survive a

---

[2] In considering the motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), however, "the allegations must state a claim for relief that is plausible, not merely possible." Gill v. Judd, 941 F.3d 504, 511 (11th Cir. 2019) (citation omitted).

### III. Abuse of Judicial Process

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint or a portion of a complaint if the complaint is frivolous, malicious, or fails to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1). The Eleventh Circuit has held a court's discretion to dismiss an action under § 1915 includes those situations where a plaintiff fails to truthfully disclose his litigation history because such conduct "constitutes an abuse of the judicial process." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). See also Jenkins v. Hutcheson, 708 F. App'x 647, 648 (11th Cir. 2018) (per curiam) (affirming dismissal without prejudice under § 1915 for the plaintiff's "failure to fully disclose his litigation history").

Additionally, Rule 11 of the Federal Rules of Civil Procedure permits a district court to impose sanctions on a party who knowingly files a pleading containing a false contention. See Fed. R. Civ. P. 11(b). The Eleventh Circuit instructs that courts should hold pro se litigants to "less stringent standards"

than those proceeding with lawyers, see Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020), but "a plaintiff's pro se status will not excuse mistakes regarding procedural rules," see Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 225-26 (11th Cir. 2011) (per curiam) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Upon careful consideration of Plaintiff's Second Amended Complaint, his responses to the pertinent motions, and his filing history, the Court finds Plaintiff's explanations for failure to properly notify the Court (and the Defendants) of his litigation history disingenuous. While Plaintiff is proceeding pro se, his filings before the Court and his litigation history show that he is not without litigation experience and he should have been readily able to disclose his prior cases, and more specifically the fact he has two prior strikes under 28 U.S.C. § 1915(g), and previously filed a habeas case.

To the extent Plaintiff may be contending that he found the questions unclear or that he misunderstood the questions, this does not excuse Plaintiff's failure to truthfully answer the straightforward questions contained in the civil rights complaint form. See Redmon, 414 F. App'x at 226 (finding district court did not abuse its discretion by dismissing a pro se prisoner's complaint for abuse of judicial process despite the prisoner's contention that he

misunderstood the form and the requirements to disclose); Jenkins, 708 F. App'x 648, 649 (holding the district court entitled to dismiss the complaint based on failure to fully disclose litigation history even though the plaintiff had disclosed some of his prior cases and the conduct appeared unintentional). Of note, the Eleventh Circuit, in Case No. 20-13925 (January 19, 2022), recently affirmed the decision of the United States District Court for the Southern District of Georgia dismissing a case for failure to truthfully disclose prior filing history, although the prisoner plaintiff had disclosed all but one prior case relating to conditions of imprisonment. Relying on Rule 11 of the Federal Rules of Civil Procedure and Plaintiff's swearing under penalty of perjury to his responses, the district court found the plaintiff failed to truthfully disclose his prior filing history and dismissed the case "as a sanction for the dishonesty." Ellis v. Oliver, No. CV 320-033, 2020 WL 4743578, at *4 (S.D. Ga. July 14, 2020), report and recommendation adopted by 2020 WL 4734753 (S.D. Ga. August 14, 2020) (finding the case subject to dismissal for providing dishonest information about prior filing history).

In this case, Plaintiff was given the opportunity to amend his original Complaint (Doc. 1) and his Amended Complaint (Doc. 31). See Order (Doc. 60). He is proceeding on a Second Amended Complaint (Doc. 61). Under Section IV

of the complaint form, entitled Previous Lawsuits, is an explanation of the "three strikes rule" and mention is made of dismissing an action or appeal on the grounds that the matter is frivolous, malicious, or fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(g). Second Amended Complaint at 3. Further, the form includes a clear warning that failure to disclose all prior civil cases may result in the dismissal of the case. Id. at 3-4.

Plaintiff provided responses to the questions set forth in the complaint form. In response to the question concerning prior actions in state or federal court dealing with the same or similar facts as involved in this action, Plaintiff responded yes, and referenced Case no. 3:18-cv-1114-MMH-MCR. Second Amended Complaint at 4. He said the reason for its dismissal was "[d]ismissed without prejudice[.]" Id. No additional information is provided concerning the reason for the Court's dismissal. Plaintiff noted the facts in Case no. 3:18-cv-1114-MMH-MCR were the same as those presented in his Second Amended Complaint in this case. Second Amended Complaint at 4. An additional question followed: "Have you initiated other actions *(besides those listed above in Questions (A) and (B))* in either state of [sic] federal court that relate to the fact or manner of your incarceration (including habeas petitions) or the

conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Id. Plaintiff was told to describe each action in the space provided. Id. He failed to list any other cases. Id. at 5.

An even more specific question followed: "[h]ave you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed[.]" Id. Plaintiff marked "no." Id. Again, he listed no previous actions. Id. at 5-6.

At the end of the Second Amended Complaint, Plaintiff states: "I declare under penalty of perjury that I have read the above and have had it explained to me by a Department of Correction Certified Law Clerk, and that the foregoing statements of fact, including all continuation pages, are true and correct." Id. at 18. The Second Amended Complaint is signed and dated April 5, 2021. Id.

Of import, Defendants Corizon and Dr. Perez-Lugo (Doc. 68) have raised the issue of Plaintiff being untruthful concerning his litigation history. Corizon/Perez-Lugo's Motion to Dismiss at 16-17. These Defendants point out that although Plaintiff disclosed case no. 3:18-cv-1114-MMH-MCR as a prior

case with the same or similar facts, he disclaimed that the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (dismissed as frivolous, malicious, failure to state a claim, or prior to service). Id. See Second Amended Complaint at 5. Upon review, the Court, in its Order of Dismissal Without Prejudice (Case no. 3:18-cv-1114-MMH-MCR (Doc. 4)), initially states that a review is being undertaken pursuant to the PLRA to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief and then provides citation to 28 U.S.C. § 1915(e)(2)(B) (i)-(iii). Case no. 3:18-cv-1114-MMH-MCR (Doc. 4 at 1).³ After extensive analysis, the Court dismissed the case without prejudice to refiling with sufficient factual allegations to support a claim under section 1983 against the proper defendants and opined, "[f]or the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. 1915(e)(2)(B)[.]" Case no. 3:18-cv-1114-MMH-MCR (Doc. 4 at 12). Significantly, in the decretal portion of the Order, the Court states "[t]his case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)." Case no. 3:18-cv-1114-MMH-MCR (Doc. 4 at 13). The Court's docket shows Plaintiff did not appeal the Court's decision.

---

³ The Court takes judicial notice of Case no. 3:18-cv-1114-MMH-MCR.

Defendants Corizon and Dr. Perez-Lugo also point out that Plaintiff did not disclose a prior habeas corpus case filed in the Middle District of Florida: Case No. 6:18-cv-1546-RBD-LRH. Corizon/Perez-Lugo's Motion to Dismiss at 17. The Court, on August 1, 2019 (entered August 2, 2019), dismissed the petition with prejudice as untimely filed. Case No. 6:18-cv-1546-RBD-LRH (Doc. 19).[4] The Court's docket shows judgment was entered on August 5, 2019 and there was no appeal. Less than six months later, on January 30, 2020 pursuant to the mailbox rule, Plaintiff initiated the matter at bar, Case no. 3:20-cv-114-HES-JBT, through a pro se initial complaint.

Defendants Corizon and Dr. Perez-Lugo note that Plaintiff signed the Second Amended Complaint under penalty of perjury, he provided false responses, and the Eleventh Circuit has previously determined that this constitutes an abuse of the judicial process and constitutes a strike pursuant to the PLRA, citing Rivera v. Allen, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds, Jones v. Bock, 549 U.S. 199 (2007). Corizon/Perez-Lugo's Motion to Dismiss at 17.

In his Response to Corizon/Perez-Lugo's Motion to Dismiss (Doc. 102 at 8), Plaintiff claims that all prior cases "that were known" were included. He

---

[4] The Court takes judicial notice of Case No. 6:18-cv-1546-RBD-LRH.

states that when he was transferred to Lake, then Suwanee, and finally UCI in 2014, he had to send all of his old legal papers home. Id. at 8-9. He submits, when he filed his Second Amended Complaint, he responded with candor and declared his prior litigation history for which he had knowledge. Id. at 10. In their Reply (Doc. 109 at 3), Defendants Corizon and Dr. Perez-Lugo counter that Plaintiff had previously filed other cases, knew the reasons for the dismissal of those cases, but chose not to disclose either the reasons for dismissal or the cases to the Court. Defendants Corizon and Dr. Perez-Lugo also submit that Plaintiff could have discovered his previous filings through research tools available to him. Id.

Other Defendants raise the contention that Plaintiff was untruthful regarding his litigation history, asserting that Plaintiff's false answers affected the Court's ability to undertake its review pursuant to the PLRA. See Santiago/Garcon/Shifflett's Motion to Dismiss (Doc. 92 at 10). This Court agrees with Defendants' assessment; "requiring prisoners to disclose prior lawsuits was important to enable courts to (i) apply the 'three strikes rule,' under 28 U.S.C. § 1915(g), for prisoners proceeding in forma pauperis; and (ii) dispose of successive cases that relitigate old matters." Jenkins, 708 Fed. Appx. at 648.

Plaintiff responded that the two cases (Case nos. 6:18-cv-1546-RBD-LRH and 3:18-cv-1114-MMH-MCR) "were filed after the initial sworn complaint in this case was filed." Response (Doc. 95 at 8). In their Reply, Defendants Santiago, Garcon and Shifflett address Plaintiff's contention that his non-reported cases were filed after the initial complaint in the case at bar and discount Plaintiff's contention as completely unsupported by the record. Reply (Doc. 101 at 3).

Indeed, the record demonstrates the following. Pursuant to the mailbox rule, Plaintiff filed the original complaint (Doc. 1) in Case no. 3:20-cv-114-HES-JBT on January 30, 2020, after his two cases were filed in 2018. Complaint (Doc. 1). See Reply (Doc. 101 at 3-4). The Court finds Plaintiff's excuse for failure to disclose these two prior cases to not be credible. Obviously, these 2018 cases were filed prior to the case at bar and were due to be disclosed. Also, these 2018 cases were filed well after Plaintiff claims he sent his paperwork home in 2014; therefore, Plaintiff should have been able to disclose their existence. Also, based on the Court's dockets, the dismissal of these cases was not remote in time. The Court dismissed Case no. 3:18-cv-1114-MMH-MCR on October 23, 2018, and judgment was entered on October 25, 2018. The Court dismissed Case no. 6:18-cv-1546-RBD-LRH on August 1, 2019 (filed

August 2, 2019), and judgment was entered on August 5, 2019. Furthermore, the Court specifically stated it was dismissing Case no. 3:18-cv-1114-MMH-MCR pursuant to 28 U.S.C. § 1915(e)(2)(B) after reviewing the case to determine whether it was frivolous, malicious, or for failure to state a claim. Plaintiff has presented no reasonable excuse for his failure to notify the Court of this strike.

Not only that, but Defendants Santiago, Garcon and Shifflett also note that Plaintiff failed to reveal an additional prior civil rights case, Case no. 6:03-cv-278-GKS-DAB, filed in the Middle District of Florida in 2003 and ultimately dismissed as frivolous on May 2, 2003.[5] Reply (Doc. 101 at 4). The record demonstrates Plaintiff failed to disclose that case even though it constitutes a strike. Furthermore, Defendants Corizon and Perez-Lugo's contention that Plaintiff could have readily determined his prior litigation history and submitted it to the Court is not unfounded. Plaintiff was confined at UCI when he filed the original complaint (Doc. 1) and the Second Amended Complaint (Doc. 61), a prison with an institutional law library with significant resources. Plaintiff, a relatively experienced litigator in this Court, should and could have

---

[5] The Court takes judicial notice of Case no. 6:03-cv-278-GKS-DAB.

provided the Court with an accurate litigation history when he filed his Second Amended Complaint.

Upon due consideration, Plaintiff had an obligation to tell the Court that he had two previous strikes. Also, he should have advised the Court of his 2018 habeas case, which was filed and dismissed relatively recently.

The Court finds Plaintiff's misrepresentation of his litigation history amounts to an abuse of judicial process. Thus, Corizon/Perez-Lugo's Motion to Dismiss (Doc. 68) and Santiago/Garcon/Shifflett's Motion to Dismiss (Doc. 92) for Plaintiff's failure to provide truthful disclosure regarding his prior cases are due to be granted for the reasons stated above.

The Court has authority to control and manage the cases before it, and Plaintiff has not met the acceptable standards in approaching the Court, although given the opportunity to amend his complaint on two occasions. Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (dismissing for failure to disclose litigation history in an original and amended complaint, despite being directed to do so in the complaint form). The quality of justice is threatened when the Court cannot rely on the sworn statements of the parties, even if a party is proceeding pro se. The Court will not tolerate false responses or statements. Since Plaintiff was advised in the complaint form that failure

to disclose all prior civil cases may result in the dismissal of the case, he "knew that an accurate disclosure of his litigation history was required and that dismissal of the instant action could result from untruthful answers[.]" Jacobs v. Comerford, No. 3:13cv52/RV/EMT, 2013 WL 6184052, at *4 (N.D. Fla. Nov. 25, 2013) (concluding that if a pro se prisoner plaintiff "suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form").

This case should be dismissed as a sanction for Plaintiff's failure to correctly disclose his prior litigation history and bad faith litigiousness. The Court has considered lesser sanctions but finds this is the appropriate sanction under these circumstances. Plaintiff relies on the continuing violation doctrine and submits the statute of limitations will not prevent his lawsuit.[6] As Plaintiff affirmatively misrepresented facts after being warned in the complaint form that disclosure of the prior actions was required, including whether he had any strikes, the Court is convinced that this case should be dismissed as a sanction for Plaintiff's abuse of the judicial process.

---

[6] Plaintiff references events occurring in 2018 and 2019 in his Second Amended Complaint and complains of continuing medical complications.

Plaintiff is an active litigant, and he is responsible for answering the questions on the civil rights complaint form truthfully. His unconvincing excuses are not acceptable to this Court. In order to control and manage its docket, the Court requires conformance to acceptable standards by all litigants. In the future, If Plaintiff decides to file any other actions in this Court, he will be expected to completely and truthfully respond to all questions presented. Less than total honesty and completeness is unacceptable and will lead to additional sanctions for non-compliance with the Court's directive.

Accordingly, it is

**ORDERED:**

1. The Court **grants** Corizon/Perez-Lugo's Motion to Dismiss (Doc. 68) for Plaintiff's failure to provide truthful disclosure regarding his prior cases. In all other respects, the Court **denies without prejudice as moot** Corizon/Perez-Lugo's Motion to Dismiss (Doc. 68).

2. The Court **grants** Santiago/Garcon/Shifflett's Motion to Dismiss (Doc. 92) for Plaintiff's failure to provide truthful disclosure regarding his prior cases. In all other respects, the Court **denies without prejudice as moot** Santiago/Garcon/Shifflett's Motion to Dismiss (Doc. 92).

3. The Court **denies without prejudice as moot** Defendants Dr.

E. Perez-Lugo, Dr. Daniel Cherry, Dr. Erron Campbell, and Centurion of Florida, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 67).

4. The Court **denies without prejudice as moot** Defendant Mark S. Inch's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 75).

5. The Court **denies without prejudice as moot** Defendants, Dr. Marie Garcon, Dr. Juan Santiago, and RN Pauline Shifflet's, Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 91).

6. This case is **DISMISSED without prejudice** under the PLRA.[7]

7. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of January, 2022.

UNITED STATES DISTRICT JUDGE

sa 1/21
c:
Edmond Allen Wilson, Jr.
Counsel of Record

---

[7] Plaintiff is advised the dismissal of this action constitutes a "strike" under the PLRA. See Rivera v. Allin, 144 F.3d at 731 ("[D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).").